# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 243 | **DATE** | February 13, 2012 |
| **CASE TITLE** | Lamonte Dixon, Jr. (K-96013) v. Johnnie Franklin, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is denied without prejudice. Within 30 days of the date of this order, he must either prepay the $350 filing fee or submit a completed application. The clerk is directed to send to Plaintiff an *in forma pauperis* application. Additionally, Plaintiff must show cause why this case should not be dismissed as duplicative of his previously filed suit before this court, *Dixon v. Schafer*, 11 C 6860 (N.D. Ill.) (Manning, J.). If Plaintiff does not address the filing fee and demonstrate why his current claims may be brought in this separate case, this case will be summarily dismissed.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff Lamonte Dixon, a Pontiac Correctional Center inmate, has filed a 42 U.S.C. § 1983 complaint in this court concerning discipline at the Stateville Correctional Center. Plaintiff states that he was disciplined at Stateville for intimidation and insolence toward Dr. Scheafer. According to the disciplinary reports attached to his complaint, Plaintiff said to Dr. Schaefer, "I'm going to shoot you" as he was dissatisfied with Dr. Schaefer's treatment of his hand. Plaintiff alleges that he did not receive a fair hearing on the disciplinary charge and that Hearing Officers Lt. Johnnie Franklin and Daphne Walker ruled against him to retaliate against him because he had previously filed grievances or suits against them. Plaintiff states that he filed additional grievances about the allegedly unfairly discipline, that Sergeant Franklin (a different officer, not Officer Johnnie Franklin) failed to investigate Plaintiff's grievances, and that Grievance Officer Anna McGee, Warden Marcus Hardy, Administrative Review Board Member Sherry Benton, and Illinois Department of Corrections Director Salvador Godinez all denied Plaintiff due process when they either failed to investigate or denied his grievances about unfair discipline.

Plaintiff's complaint in this case appears to raise the same or related claim presented in a prior case he filed in this court. *Dixon v. Schaefer*, 11 C 6860 (N.D. Ill.) (Manning, J.). In case no. 11 C 6860, Plaintiff alleged that he was wrongfully disciplined for allegedly saying he was going to shoot Dr. Schaefer. Although Plaintiff's current suit names several parties that were not named in the prior suit, the cases appear to involve the same disciplinary charge and grievances and the same due process and retaliatory allegations about the disciplinary proceedings. The claims in the instant suit and in his prior suit thus appear so related that they should be brought in the same case.

This court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). Such discretion " "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Ward v. Gaetz*, No. 10-640-GPM, 2011 WL 577381 at *1 (S.D. Ill. Feb. 9, 2011) (Murphy, J.), quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp.2010). Before allowing the current case to proceed, Plaintiff must demonstrate that his current claims are not related to his claims in case no. 11 C 6860, such that they may be properly brought in a separate case (as opposed to Plaintiff seeking to amend the complaint in 11 C 6860 to add the additional claims included in this case).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

In addition to clarifying whether the instant suit should be separate from his prior one, to proceed with this case, Plaintiff must also resolve the filing fee issue. He must either prepay the $350 filing fee or submit a completed *in forma pauperis* ("IFP") application. Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the $350 filing fee for each § 1983 suit he brings in this court. If he is unable to prepay the filing fee, he must submit a completed IFP application to pay the fee in installments. The application must be on this court's form, and must include both a certificate from an authorized officer attesting to the amount of funds in the inmate's account and a copy of the inmate's "trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for the court to determine whether the inmate qualifies as a pauper and to assess an initial partial payment of the filing fee. Plaintiff's *in forma pauperis* application is not on the court's form and does not contain a completed certificate. Accordingly, his request to proceed IFP is denied. If he chooses to proceed with this case, he must submit a completed application or prepay the fee.

In conclusion, if Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that sufficiently demonstrates why his claims should be brought in a suit separate from his case no. 11 C 6860. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of this action. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.