# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 243 | **DATE** | June 18, 2012 |
| **CASE TITLE** | Lamonte Dixon, Jr. (K-96013) vs. Johnnie Franklin, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [5] does not comply with this Court's 2/13/12 order, is duplicative of his previous case (case no. 11 C 6860), and fails to articulate valid 42 U.S.C. § 1983 claims. The amended complaint is stricken and this case is dismissed. Plaintiff's motion to proceed *in forma pauperis* in this case [6] is granted and the trust fund officer at Plaintiff's place of confinement is directed to make deductions from Plaintiff's account in accordance with this order. Plaintiff's motion for clarification [7] and any other pending motion is denied. This case is closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Lamonte Dixon, a Pontiac Correctional Center inmate, has filed an amended complaint in response to this Court's February 13, 2012, order directing him to show cause why this case should not be dismissed as duplicative of his previously filed case, *Dixon v. Schaefer*, No. 11 C 6860. Because the amended complaint does not comply with the February 13, 2012, order, but instead, demonstrates further that these cases involve the same events and claims, the Court dismisses this case.

Both suits involves events that occurred at Stateville Correctional Center in April 2011. According to Plaintiff, he was upset at the lack of treatment and attention Dr. Schaefer provided for his hand during a visit in April 2011 and thus stated to another inmate that he was going "to sue" Dr. Schaefer. Dr. Schaefer wrote out a disciplinary report against Plaintiff stating that he had threatened that he was going "to shoot" Dr. Schaefer.

In the instant suit (12 C 243), Plaintiff alleges that Sergeant Lance Franklin escorted Plaintiff to the hearing for the above described disciplinary report. Sergeant Franklin allegedly commented that Plaintiff did not need to bring materials because, "you ain't getting out of this one." (Am. Compl. at 6.) At the hearing, Lieutenant Johnnie Franklin read Plaintiff the charge, asked for his plea, and accepted a written statement he had prepared. (*Id.* at 7.) Lieutenant Franklin then commented about Plaintiff suing Sergeant Franklin and Dr. Schaefer, and the parties argued about whether Dr. Schaefer signed the disciplinary report. (*Id.*) Plaintiff was found guilty of the charge of threatening Dr. Schaefer and was sentenced to three months segregation, three months commissary restriction, and a demotion to C grade class. (*Id.*) Allegedly, Grievance Officer McGee, Stateville Warden Hardy, Administrative Review Board Member Sherry Benton, and Illinois Department of Corrections ("IDOC") Director Salvador Godinez all failed to investigate Plaintiff's grievances about alleged retaliation. (*Id.* at 8-9.)

In his prior case filed in October of 2011, *Dixon v. Schaefer*, No. 11 C 6860, Plaintiff provided more details about Dr. Schaefer's treatment of his hand and included a claim of deliberate indifference against Dr. Schaefer. Plaintiff then alleged similar retaliation claims – that Dr. Schaefer's disciplinary report against Plaintiff was because of Plaintiff's grievances and/or suits against Dr. Schaefer, that a witness (Officer Dangerfield) falsely stated to the Adjustment Committee that he heard Plaintiff threaten Dr. Schaefer, and that Grievance Officer McGee, Warden Hardy, Administrative Review Board Member Sherry Benton, and IDOC Director Salvador Godinez failed to investigate Plaintiff's grievances about retaliation with the April 2011 disciplinary proceedings.

| STATEMENT |
|---|

    In this Court's 2/13/12 order in this case (12 C 243), it explained that both cases involved the same disciplinary action allegedly based upon retaliatory motives for Plaintiff having filed complaints against Dr. Schaefer and Sergeant Franklin. The Court noted that the only difference between the suits was that case number. 12 C 243 included as Defendants Lieutenant and Sergeant Franklin, while. 11 C 6860 named Dr. Schaefer and Officer Dangerfield, but not the Franklins. Otherwise, the cases are identical with their challenges to the disciplinary hearing and the failure of Defendants McGee, Hardy, Benton, and Godinez to investigate Plaintiff's grievances about the disciplinary action. The Court thus ordered Plaintiff to show cause why this case (12 C 243) should not be dismissed as duplicative of his prior case. Plaintiff has submitted an amended complaint repeating his claims, but does not address how his cases differ.

    Not only does the amended complaint simply repeat the claims alleged in the original complaint and not comply with the Court's 2/13/12 order, but it also repeats claims previously dismissed by the Court. On initial review of Plaintiff's case number 11 C 6860, this Court dismissed Defendants McGee, Hardy, Benton, and Godinez, explaining that Illinois' statutory grievance procedures at most create a procedural right, not a substantive one, and that there is no constitutional right to have a grievance investigated, heard, or decided. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Despite this explanation and the dismissal of these Defendants in case number 11 C 6860, Plaintiff again named them in case number 12 C 243 (in both his original and amended complaints). Such duplication of meritless claims after this Court's explanation warrants dismissal. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suits that abuse the judicial process warrant dismissal);*Holland v. City of Gary*, No. 2:12-cs-62, 2012 WL 974882 at *3 (N.D. Ind. Mar. 21, 2012) (multiple suits against the same defendants based on the same set of facts amounts to an abuse of the judicial process and warrant dismissal).

    Plaintiff's remaining claims in this suit against the Franklins are similarly duplicative of his other case. His claims against these Defendants stem from the same facts as his claims against Dr. Schaefer and Officer Dangerfield and attempts to assert that all these Defendants were involved with improperly disciplining him in April 2011 based in part on retaliatory motives. The Court stated in its 2/13/12 order its desire to have Plaintiff bring related claims in a single suit. Plaintiff provides no reason for naming Dr. Shaefer and Officer Dangerfield in one case and Sergeant and Lieutenant Franklin in a separate case. Splitting claims in this way, particularly given the Court's instruction to bring all retaliation claims in one suit, is improper.

    The Court further notes that Plaintiff's allegations against the Franklins, as currently asserted, do not state valid retaliation claims. Not every person involved in the chain of events is necessarily liable under § 1983. *SeeBurks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (inmate was not allowed to pursue claims against each person in the review process from the prison's complaint examiner to the state's superintendent and to the governor). Plaintiff's only allegation against Sergeant Franklin is that he escorted Plaintiff to the disciplinary hearing and commented as Plaintiff gathered materials, "you ain't getting out of this one." (Amended Compl. at 6.) Plaintiff does not state that he was prevented from bringing materials to the hearing, and he in fact includes a copy of a written statement that he submitted to the Adjustment Committee. (*Id.* at Exh. F.) To state a valid claim of retaliation, Plaintiff must allege that adverse action was taken against him because of his exercise of his First Amendment right. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Although the adverse action need not itself be a constitutional deprivation, there must at least be some action. *Bridges*, 557 F.3d at 552; *DeWalt*, 224 F.3d at 618. The only action allegedly taken by Sergeant Franklin was the comment made while Plaintiff gathered or attempted to gather materials for his hearing. Sergeant Franklin's comment is simply not enough to state a retaliation claim. *See Crews v. City of Mt. Vernon*, 567 F.3d 860, 870 (7th Cir. 2009) (a single disparaging comment does not support a retaliation claim).

    As to Lieutenant Franklin, Plaintiff also does not allege a valid retaliation claim. Like the claim against Sergeant Franklin, Plaintiff allegations seek to hold Lieutenant Franklin liable for a comment made at the disciplinary hearing about Plaintiff's litigious nature. (Am. Compl. at 7.) However, Plaintiff does not state that

| STATEMENT |
|---|

Lieutenant Franklin found him guilty because of his prior complaints. (*Id.*) Although the filing of complaints and lawsuits as a motivating factor for disciplinary action constitutes retaliation, a claim of retaliation cannot be established if the complained-of action would have occurred anyway. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996), *citing Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 287 (1977) (*r*etaliation does not exist if the complained of action would have still occurred). Considering the current suit's allegations with the allegations in and attachments to Plaintiff's prior complaint (11 C 6860), Plaintiff's claims appear to be that Dr. Schaefer and Officer Dangerfield fabricated evidence to the Adjustment Committee and that Lieutenant Franklin found Plaintiff guilty based upon such evidence, but not because of a retaliatory motive. *See* (Compl. in case 11 C 6860 at 8 and Exhs. J and K) (copies of Dr. Shaefer's report and the Adjustment Committee disciplinary findings and ruling); (Am. Compl. in 12 C 243 at 7.) Plaintiff's complaints indicate a retaliation claim against Dr. Schaefer and Officer Dangerfield for fabricating evidence, but not against Lieutenant Franklin for relying on such evidence in finding Plaintiff guilty. *Babcock,* 102 F.3d at 275 ("the ultimate question [for a retaliation claim] is whether events would have transpired differently absent the retaliatory motive"). If Plaintiff sincerely believes he has a retaliation claim against Lieutenant Franklin, he should clearly articulate such a claim and seek to include it in an amended complaint in case number 11 C 6860.

  Accordingly, for the reasons stated above, the amended complaint in this case is dismissed as duplicative and for failure to state a claim. Plaintiff may seek to appeal this dismissal; however, he is advised that he will be liable for the full $455 appellate filing fee regardless of the outcome, and the dismissal of an appeal could result a strike under 28 U.S.C. § 1915(g).

  Although the instant case is dismissed, Plaintiff remains responsible for the filing fee for this case. His *in forma pauperis* application indicates that he has a negative balance and cannot afford either pre-payment of the $350 filing fee or an initial partial filing fee. Accordingly, his IFP motion is granted, the initial partial filing fee is waived, and the trust fund officer at Plaintiff's place of confinement shall deduct from Plaintiff's trust fund account each month an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Pontiac officials shall notify transferee authorities of any outstanding balance in the event he is transferred.